496 F.2d 620
 UNITED STATES of America, Appellant,
v.
STATE OF WASHINGTON, Appellee.
 No. 73-1793.
 United States Court of Appeals, Ninth Circuit.
 April 30, 1974.
 
 Harry R. Sachs (argued), Wallace H. Johnson, Asst. Atty. Gen., Dept. of Justice, Washington, D.C., Stuart F. Pierson, Asst. U.S. Atty., Seattle, Wash., George R. Hyde, Appellate Section Land & Natural Resources Division, Washington, D.C., for appellant.
 Joseph L. Coniff, Asst. Atty. Gen., (argued), Olympia, Wash., for appellee.
 Scott E. Little, Boulder, Colo., for amicus, Native American Rights Fund.
 OPINION
 Before KOELSCH, HUFSTEDLER and KILKENNY, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal presents for decision, a contention under which the appellee challenges the continued existence of the Puyallup Indian Reservation[1] and, as a consequence, the right of the Puyallup Tribe of Indians to fish, free from state interference, on that part of the Puyallup River lying within the Reservation. This is a federal question, Satiacum v. Washington, 414 U.S. 1, 94 S.Ct. 209, 38 L.Ed.2d 1 (1973); which was left open in Puyallup Tribe v. Dept. of Game, 391 U.S. 392, 394, n. 1, 88 S.Ct. 1725, 20 L.Ed.2d 689 (1968), and Moses v. Kinnear, 490 F.2d 21, 27-28 (CA 9 1974).
 
 
 2
 After a careful study, we can find no meaningful distinction between the Cushman Act, the Act of April 28, 1904, 33 Stat. 565, and its predecessor, the Act of March 3, 1893, 27 Stat. 612, 633, the legislation upon which appellee relies, and the Act of June 17, 1892, 27 Stat. 52, construed by The Supreme Court in Mattz v. Arnett, 412 U.S. 481, 93 S.Ct. 2245, 37 L.Ed.2d 92 (1973).[2] Nor can we discern a significant variance between the historical background, including the continuing congressional and agency recognition, of the Klamath River Reservation involved in Mattz and the historical background and continuing recognition of the questioned Puyallup Reservation. For that matter, the historical background and continuing congressional and agency recognition of the Puyallups would appear to be substantially more impressive than that of the Klamaths. Consequently, we have no alternative other than to hold that the rationale of Mattz is controlling and that the Puyallup Indian Reservation continues to exist.
 
 
 3
 Accordingly, the judgment of the lower court is vacated and the cause is remanded to the trial court for proceedings in conformity herewith, including the entry of an appropriate decree.
 
 
 4
 It is so ordered.
 
 
 
 [1]
 Created by Treaty of Medicine Creek, December 26, 1854, 10 Stat. 1132
 
 
 [2]
 Decided subsequent to the lower court decision in favor of the appellee